IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-003-ALM-KPJ |
| | § | |
| ROY OKUMU OGINGA (2) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Roy Okumu Oginga's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 3, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Earnest Gonzalez.

Defendant was sentenced on May 3, 2022, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Interference with Commerce by Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of I, was 41 to 51 months. Defendant was subsequently sentenced to 35 months imprisonment subject to the standard conditions of release, plus special conditions to include surrender to immigration officials, financial disclosure, financial restrictions, and testing and treatment for substance abuse. On June 8, 2022, Defendant completed his period of imprisonment and began service of the supervision term. As Defendant had been in federal custody for a significant period at the time of sentencing, upon his paperwork being submitted to the Bureau of Prisons' Computation Center, it was calculated he had already over-served his sentence by 160

days resulting in his immediate release. As such, this time will be credited to any future sentence he receives under this docket number upon revocation.

On September 28, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 119, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not unlawfully possess a controlled substance; and (3) You must refrain from any unlawful use of a controlled substance; (4) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours; and (5) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 119 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On August 16, 2022, Defendant was arrested by McKinney, Texas, police officers for Tampering with Physical Evidence, a Third-Degree Felony, and Possession of Marijuana. A copy of the McKinney, Texas, Police Department Police Report has been requested but not received. This charge remains pending. Additionally, on September 18, 2022, Defendant was arrested by McKinney, Texas, police officers. He was charged with Criminal Trespass, after he and an unnamed female were located in a vacant residence. The reporting officers stated the home smelled heavily of marijuana, upon entry. A copy of the McKinney, Texas, Police Department Police Report has been requested but not received. This charge remains pending; (3) On September 6, 2022, Defendant appeared at the U.S. Probation Office in Plano, Texas, as part of his participation in the random drug testing program. He submitted a urine specimen that yielded positive results for marijuana. A lab report

REPORT AND RECOMMENDATION – Page 2

provided by Alere Toxicology, confirmed the positive results; (4) Defendant was arrested by a McKinney, Texas, police officer for a felony and misdemeanor offense on August 16, 2022. He was released from custody on August 17, 2022, after appearing before a Magistrate Judge; however, he failed to report his arrest to his probation officer within 72 hours of his release, as required. Defendant was arrested by McKinney, Texas, police officers for misdemeanor Criminal Trespass on September 18, 2022. He was released from the Collin County, Texas, Jail on September 19, 2022, after posting bond; however, he failed to notify his probation officer within 72 hours, as required; and (5) On July 23, 2022, Defendant appeared at Fletcher Counseling, Inc., in Plano, Texas for a substance abuse assessment. During his assessment, he made an extremely inappropriate comment to his treatment provider, which resulted in him being unsuccessfully discharged from the program and forbidden from being on the property of the treatment provider [Dkt. 119 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3, 4, and 5 of the Petition. The Government dismissed allegations 1 and 2. Having considered the Petition and the plea of true to allegations 3, 4, and 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 136; 137].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with a term of supervised release of two (2) years to follow.

The Court further recommends imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment; (2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (3) You must participate in a program of testing and treatment for substance abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country; and (5) You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include self-directed learning courses, group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the program.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 11th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE